Are you ready, councilors? Are you ready for it? Maybe we can get somebody to get us some water. If you could go to those panels for a second. Let's get this water over here. Nobody's going to tell me I brought them the chance to listen to you. Mr. Leclerc, sign your own. Thank you, your honors. Bill Wiesenstein, representing the plaintiffs in this case. The threshold of the question in this case, before we go any further, is the allegation that was made by the plaintiffs that, like this in the home, was acting as a state actor. I'm glad you took that up first as a big question in my book. I think it is. And I want to clarify, however, that it is for the purposes of the regulation of this level in noise. And I think whatever, I think you have to get to the bottom line. How did they become the state actor? I know how one becomes the state actor, because I had lots to do with the Legas versus Gilroy. And we laid out there four ways one could be a state actor. I don't think you're really suggesting any of the first three ways. That is correct. You found that the organization is acting in lieu of a traditional state actor, right? It's in historical order. It's a function. Well, if I apply Millennius to this case, there is no way life is beautiful as a state actor. Okay. So I don't think the Legas, which I was involved in also, really helps. That's how I got to that. That's how I knew you. Go ahead. Because as you recall from that case, in terms of the state action, while the court did say that putting on a fistful is not a typical and exclusive governmental function, the real theory then was for state action in that case was this sort of joint venture where the government was giving money and sincerity. And that was the real argument in the case. Well, here in that case, they entered into an agreement with the city under which the association understood and agreed that security and traffic control may be required by the police. And the organization that was involved in the promotion of the events did not file under the domain of functions exercised traditionally and exclusively by the government. Correct. That's where we came out. Correct. My worry is this. It seems to me in this particular case, we don't have the normal permit to get a special permit. And the special permit was granted under the chapter. So it's just the city of Las Vegas saying, you don't get to do whatever you want to do. You got to get a special permit. And then you can only do what you can do given the special permit. And this is the way it is. And it's got to comply with the requirements of chapter 6.76. And any noise restrictions of any special district established by the city says Las Vegas is still in control. Except that Las Vegas designated its authority. Well, all it did was say to the Life is Beautiful organization, you can do what you do as long as you've seen this. This is it. It never had anything to do. It said it wasn't required. This is what the special permit says. It said nothing about anyone that's on as well. Just a minute. The permit was granted under 1202130. The permittee requirements are under 1202160. And 1202160 says each permittee shall ensure the special event complies with the requirements of chapter 6.76 and any noise restrictions. That's what it says. Yes, but there were no noise restrictions with the special permit that was given. What do I do with your allegation and your complaint that the defendants are not an arm of the state? My complaint that the defendants are not an arm of the state. Normally they are not an arm of the state. However, they were granted a function. That is, exclusively and historically it's a function. What do I do with the allegation and the complaint that says the city is responsible for permitting the defendant an exemption pursuant to the city code from noise prohibitions set forth elsewhere? Look, I would say that that cedes to why it's beautiful, the exclusive and historical governmental function of regulating noise. No one has ever argued that that's not an exclusive and historical and historically set forth governmental function. My worry about this, frankly, is very, very simple. I saw those allegations in your complaint and in your brief you say the decision as to how loud the sound from the fence should be is a matter of discretion of the city of Las Vegas. That's what you said. And frankly, I agree with you. But having said it, I think you tell yourself, because I understand that the security, partially the responsibility of the defendant, with police providing the patrol in and around the premises. They don't even charge the defendant for them. The festival takes place on public property and some property east of the defendant. The city retains the right to regulate and control the sound emanating from the festival and only accepts the festival pursuant to the special permit. I'm having a tough time seeing how, then, one becomes a state actor. For instance, I just want to say that I don't want to try to reserve students for rebuttals. I didn't say that, so I want to be clear on that. Thank you. Again, it is the decision by the city to, for this particular period, grant a private entity the right to regulate, not just for the festival. So they can only regulate to the extent it does not interfere with the regular regulations that are in place as to the special permit. In other words, there are regulations that are in place. As long as you don't go outside of those, in our discretion, we've already set them. All you've got to do is stay there and you're okay. If you go outside of that, we're coming in. But the regulations do not, without any limit, the permit puts no limit on festival level and time, and not just within the framework of the festival, but for outside of the neighborhood. I guess that, though, is a, I understand what you're trying to make. You're trying to get under the prong that gets you state, because life is beautiful, stay an actor. But in reality, what you're complaining about is what the city did and not putting any limit on the festival level under a special permit. Is that your real complaint? Well, it's both, because in doing so, it ceded that historic and exclusive responsibility to a private actor, to thus bring a private actor into someone who is doing that public function. So, I mean, I would say the city is absolutely, which is why the city is independent, found both city and life is beautiful in their interactions to the normal city function. And even overall, life is beautiful. And it is, unlike any other square, there's no question about it, any effect on it, anybody comes here to the perimeter of that particular festival. We are now having a situation where there's interference. Doesn't that get you, doesn't that argument get you the potential and get us what you're trying to argue, a free exercise clause, calling you against the city? I think it is. Well, the city, I mean, isn't that, I mean, it seems to me that, although you didn't, I mean, it could be argued you may have waived your argument against the city on an essential briefing. It seems to me that was your better argument, was to go against the city and to allege a free exercise claim that by, you know, authorizing this festival with an open-ended decibel level, they need to interfere with the free exercise of your clients and religious freedom. Well, I think it could have been, I think it could have been promised, but I'd rather not take my time arguing the pros and cons of the separate theory, because we are out of time. But I think it still goes to the same issue. I can give you a hypothetical for a moment, sort of along those lines. If the church that I represent right outside the fence were to, not that they could do or would do it, if a giant speaker were to try to drown out by his beautiful with their noise, the city would be all over the place. They would not be allowed to do it. City abdicated any responsibility in their permit for controlling any noise emanating. And that's why I say, why is the church complaining against the city? Because you're trying to make religious freedom a full-state actor. All they were was permitting. They wanted to have their festival. And city allowed them to step into the city's issues as it relates to the noise. Would the deceased defendant, I'm not sure, that it was a free exercise claim, simply because it was not targeted particularly toward the church, although it did have that particular effect. What is the claim? What is the claim, then, of the free exercise plan? I mean, you're trying to make life this beautiful state actor for what purpose? The claim is nuisance. And both, which raises another issue, which is the court. It's been one of the problems. Why don't you go into the courts in Nevada and do that then? You can still move in and write if you have a nuisance claim. The problem was, well, first of all, two things happened. The district court said, well, we don't have jurisdiction because there's no federal claim. It's all nuisance claim. And there needs to be decisions. It's not like it's a big philosophy. I don't think we're really seeing that. That's what my colleague is trying to present to you. All I would really be saying is we've gotten rid of all the federal charge. There's nothing left except the state charge. Go bring it to the state. Well, actually, you can consider it for life. It's beautiful. He did not say that to the city. He said it used state law for discretionary immunity. And so that applies, which is contrary to the statement that it doesn't have jurisdiction. And it's for life. It's beautiful. It made a determination saying there is no nuisance. Now, if you want to try it again someplace else, but he did make a determination that it was improper as far as that goes. But the fundamental question, again, is with a permit, and those animals in court misreduce this claim without prejudice, only against life is beautiful. He did not say this against the city without prejudice, and even with life is beautiful.  It made a determination that it wasn't a nuisance, which doesn't really make any sense in my view. All right. You've used a lot more time than you wanted to reserve for yourself. Do you want to reserve now? Yes. All right. Thank you. You're in a time when life is beautiful. All right. Very close. Very close. Your Honor, Steve Epstein here on behalf of Life is Beautiful. I would like to reserve five minutes for my colleague, asking to go after me on behalf of the city of Las Vegas. All right. That's fine. I'll just tell you that's a dangerous thing to do, because we're not limited by how long we keep you up here. But I'll give it my best effort to help you there. Understood. The city prior to you said this, that I'm the one that needs to come up here and go to bat. So happy to do it, Your Honor. All right. Well, it's an idea of something. So they delegated everything to you? Absolutely. They delegated this whole argument to me, Your Honor. Yes, the same actor for purposes of the appeal here. Yeah, we both were. I know. I know. I just blew it up. I'm sorry. Apologize to my client on the record. Thank you. Thank you. Well, the only reason I brought it up is I've been in so many hearings where when somebody else was in this gym spot and you used all the time, and they just said that you didn't do bad in front of the ceiling, so I just wanted to make sure. I think counsel for the city would be happy about that. I'll try to get him to do it. So it's great to be actual for you. Yeah. So we touched on it before, and Judge Smith discussed VAS. VAS relies upon a case that's out of the 4th Circuit called United Auto Workers versus Gaston Festivals. And I think that case is particularly instructive here because in that case you have a private entity that puts on a festival. It's held on public streets and sidewalks in the downtown area of Gastonia. They obtain a permit to use the public property during the festival. In addition to approving the permit, the city provided police protection, traffic department assistance, and incineration services, all of which Life is Beautiful enjoys from the city of Las Vegas in the current case. The city played no active role in planning or managing the festival. It is not within the traditional functions of a municipal organization to put on a festival. That is something that a private association does not execute. Life is Beautiful did here. Whether we can be regarded as a state actor, I believe, you went to, My name is Luke Greatlane. I'm with Council for Amistad. The key here that we get from this case about the Fish Camp Jam, again, is that the domain of functions exercised traditionally exclusively by the government is not putting on a festival, a parade, or a fair. It's great for itself as a state actor to only be found where a private enterprise assumes all of the attributes of a state-created municipality and performs the full spectrum of municipal powers so that that private entity now takes on the plenary power of that government entity. And that's simply not the case here. It was not the case in Vegas. It was not the case in Casa. The very existence of a permit system for approval of private functions on public property demonstrates that the city, and not the promoter, exercises ultimate control over the use of the public property and facilities. Council for Amistad was very clear that there is no sound regulation that falls within the city code for the city of Las Vegas that's referred to in the permit. The permit specifically says the city ultimately reserves the right to go back and shut us down, and they could, life is beautiful, could be shut down at any point by the city for any reason they determine is against the interests of the city or its citizens. They did not do so. If the argument is with that regulation or the absence of a decibel limit within the Air Team District of downtown Las Vegas, then elect a new councilman, elect a new mayor. If you didn't like the permit that life is beautiful got, why don't you make your voice heard at the permit hearing that is public that they have? And if your voice is heard and the city council and the mayor still votes against you and grants the permit, make sure that the entity that was given the permit is following the terms of the permit, which life is beautiful did here. I believe I've used up a significant amount of time. Let me just ask you, I don't know how far this goes, but it is possible for the city to delegate. It's the city's responsibility to the private actor. Absolutely. They're violating the private actor. If the permit is set and you determine where you're going to go and what you're going to do and we're not going to say anything about it, are we supposed to make an argument that you would be responsible if you marched over somebody's property? Sure. And this is different because? This is different because the city at no point advocated their responsibility. The city gave us a permit just like they would give a permit to see movies made at the picnic, just like they gave a permit to see movies made at the party. And it doesn't say you could be as loud as you want. No, it does not. It says. It doesn't in effect say that? No, in effect it says put on your festival. If you get it to a certain volume, then we're going to shut you down. It does not specify a decimal level, but it also does not specify a decimal level for any of the clubs or the casinos that are within the entertainment district. We also need to talk about the character of the neighborhood. Well, the 1202160 does say that the paramedic shall ensure that the special event complies with requirements of 6.76 and any noise requirements of any special district established by the city. Correct. As far as I understand, this special district is? The downtown Las Vegas entertainment district. I understand. Correct. So as long as they are within the noise restrictions of the downtown Las Vegas district, which having been there, doesn't seem to be too many, they are within the permit, right? Correct, Your Honor. If I may refer back to some great language, this is found in United Auto Workers v. Gaston, which is found at the end of Section 4 of that opinion. The consequences of finding state action in this case would be difficult to overstate. Were we to hold that the incidental power to exclude others from public property during the course of the limited permitted use transforms a permit holder into a state actor, softball teams on the mall in Las Vegas would be constitutionally obliged to afford due process to those not allowed to play on a particular field at the same time. Every family that barbecues at a public park would theoretically be barred from excluding uninvited guests on constitutionally suspect grounds. I think what counsel for Amistad is attempting to do here is to say that permit is unfettered permission, which is not the case here. We get a permit just like someone wants to go on a parade or have a picnic with their family, and we abide by the terms of that permit. And at any point, at any point, a city can come in and shut us down at any point. Anything else? Not from our end, your honor. All right. Do you want to say anything more, counselor? All the way from Las Vegas, I would introduce myself as a graduate coming out of the city of Las Vegas. So we're not talking about just that. Secondly, and correct me if I'm wrong, but I don't believe there was ever a public hearing on this. I think it was a negotiation, but I don't recall a public hearing. This was on the contract itself. I would say it's sort of reiterating. Are you suggesting that the city of Las Vegas did this improperly? No. What I'm suggesting is that simply a city. I mean, I don't know what happens in Las Vegas. I don't live there. But in Boca Cala, if somebody, if some fiscal applies to have a permit to be part of this town, those will be the container festivals. And nobody objects to a hearing that's ever held. I believe this was on a consensus agenda. It was not objected to when it was on the business agenda, but it was taken to having a public hearing. Again, going back to Judge Schroeder's point, I think the question of delegation is not whether there's a festival or not a festival, but what are the particular conditions? And what are the particular rights being delegated? With the softball game, again, that's not affecting anybody else who's going about their normal business. And we haven't talked about, not enough time really to talk about the principles that were important. And there's other cases of poor enjoyment of people outside of the footprint of whatever festival is taking place. And those particular rights need to be balanced. They weren't balanced. And finally, I would say, the other issue is that with several of these murders, the district court said there's not enough allegation in the record. We never had a chance to amend the complaint. And since the court did, I have it in front of me. Yes, ma'am. I have a case just at the court of jurisdictional repeal. It's dismissal of the nuisance without prejudice. But I didn't see anything in there about amendments. I know it's in our briefing. All right. Thank you. Appreciate it. Case 1517080 is submitted.
judges: Fisher, Schroeder, N.R. Smith